**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No.  26-cv-4061<br><br><u>**MEMO ENDORSED**</u> |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06/04/2026__

**PLAINTIFF'S RENEWED *EX PARTE* MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Milwaukee Electric Tool Corporation ("Plaintiff"), by and through its undersigned counsel, hereby seeks clarification of the Court's May 27, 2026 ruling on Plaintiff's *Ex Parte* Motion to Temporary Restraining Order ("TRO") to confirm whether the Court has granted Plaintiff leave to conduct expedited discovery to determine the Defendants' actual identities and electronic contact information. Should the Court's Order of May 27, 2026 and the text typed into the PACER docket explaining the ruling be construed as denying the full breadth of expedited discovery requested in Plaintiff's May 20, 2026  Motion for TRO, Plaintiff renews its request for leave to conduct expedited discovery that would include permission to serve third parties believed to possess the essential information needed to carry out the electronic service approved by the Court.

As more fully explained in the supporting Memorandum of Law, while the Court's May 27, 2026 Order temporarily enjoins the Defendants' ongoing infringement of several of Plaintiff's valuable MILWAUKEE trademarks and  grants Plaintiff leave to serve Defendants by electronic

1

means, it is unclear whether the Court intended to authorize Plaintiff to immediately conduct the discovery necessary to effectuate electronic service. To achieve service, Plaintiff must confirm the various Defendants' identities and electronic contact information, which may be obtained from the third party platforms where Defendants sell their illicit goods. Without this vital information, Plaintiff will be rendered incapable of defending its intellectual property interests and will ultimately be denied an appropriate remedy, despite the clear merits of Plaintiff's claims.

In support of this Motion, Plaintiff contemporaneously files: (1) a Memorandum of Law, (2) Declaration of Jay Harvey Paragoso, and (3) a proposed Order.

Dated: June 2, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

<u>Memo Endorsement</u>    <u>Milwaukee Elec. Tool Corp. v. The Individuals, etc., 26-cv-4061 (LAK)</u>

Denied.

There is no ambiguity.  The Court authorized expedited discovery, including with respect to non-parties, and Plaintiff can move to shorten the response time of anyone who declines to agree to a shortened deadline.  The Court struck out a portion of the proposed order, however, that purported to require non-parties to take, or abstain from taking, specified actions in view of the fact that they have not been served with process, had no opportunity to be heard with respect to the mandatory relief sought, and are not parties to this litigation.

SO ORDERED.

Dated:        June 3, 2026

/s/ Lewis A Kaplan

_____

Lewis A. Kaplan
United States District Judge